No. 5583

First Circuit Appeal

---

MRS. JOSEPH GALJOUR v. SUCCESSION OF LIBERAL GALJOUR

---

(Opinion and Decree may be found in 1 La. App. 734.)

---

ELLIOTT, J., DISSENTING OPINION

Mrs. Joseph Galjour alleges in her petition of opposition filed in October, 1923, that she:

"* * * from January, 1912, to August, 1913, at the special instance and request of Liberal Galjour, she boarded him, attended to his house, kept it clean and in order, washed and ironed his clothes, took care of him when sick and otherwise cared for him and his household, etc.; that like board and service was rendered him from January, 1916, to January, 1920, etc. That she understood as conveyed by him to her, that in default of payment during his life, she would be fully provided for in his will; therefore she remained satisfied awaiting his will and convenience to compensate her. That Liberal Galjour departed this life intestate in June, 1923, leaving property, a surviving wife and a large number of collateral heirs, etc."

It is my opinion that the action is barred by the prescription of one year, C. C. Art. 3534, pleaded by the administrator against the suit. The authorities cited in his brief support his contention that the action is prescribed.

I not only think the action prescribed but, in my opinion, the claim is not proved with the certainty required by law.

The claim is for a quantum meruit which admits that no agreement existed fixing the amount of the claim. But it is for more than five hundred dollars. The law, C. C. Art. 2277, has reference to agreements; but certainly a quantum meruit claim for more than five hundred dollars cannot be proved by evidence that is not sufficient to establish a contract or agreement to pay more than that amount.

Not a witness, unless such can be said for the evidence of the plaintiff-opponent, testified to anything which can be said to directly show that Liberal Galjour owed the plaintiff for board and service as alleged. The fact that he obtained meals there, frequently stayed there at night, etc., does not show that he owed on that account when he left there greater than the off-setting presumption that when he left off taking his meals with plaintiff, ceased to require her services, contracted a second marriage and resumed housekeeping, opponent making no known claim that he owed her anything, that he had paid her all just dues on said account.

And she contends that after the death of his second wife, she recommenced boarding, rendering him services as before, and continued to do so until 1920, when he contracted his third marriage and again resumed housekeeping, owing her not only for his board and her service from the death of his first to that of his second marriage, but from the death of his second wife to his third marriage, and she remained silent, depending for payment on his will. Such silence in such a case is not natural. The evidence of opponent as to the liability left owing on said account should be corroborated. When the decedent contracted a third marriage he was nearly seventy years of age, and opponent must be held to have known, what everybody knew, that he had taken on a duty to a wife and, ordinarily speaking, had put out of his mind previous ideas about providing in his will for friends, etc. And as a claim due opponent on account of boarding and services such as she claims, recoverable at law, she would have spoken out to Mr. Galjour on that subject and would not have been satisfied with a promise and admission; etc., such as she claims he made her.

Under headings: "Of the Sufficiency of Evidence", "Proof of Obligations of Over Five Hundred Dollars", "Stale Demands", "Admissions of Dead Men", etc., expressions of the Supreme Court such as: "To recover one must make his claim certain; to make it only probable is not sufficient"; and "Extra judicial admissions of a dead man are the weakest of all evidence since they cannot be contradicted and no fear of detection of false swearing impends over the witness", will show the kind of proof required in cases of this kind. Hennen, pp. 524-525; Loque, pp. 245-246; Taylor, pp. 342-343; Breaux, pp. 366-367; Roehl, pp. 599 to 602; Louisiana Digest, Vol. III, pp. 254, 255, 256, etc.

A debt or liability, left owing, recoverable at law, is not sufficiently established in my opinion. I think opponent's demand should be refused and rejected in toto.